IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIZABETH McCLELLAND,

    Plaintiff,                             No. 2:11-cv-1224-LKK-EFB PS

    vs.

PERMANENTE MEDICAL GROUP,         <u>ORDER</u>

    Defendant.

      This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On June 15, 2012, defendant filed a motion for summary judgment, or in the alternative, a motion for partial summary judgment. Dckt. No. 18. The motion is noticed for hearing before the undersigned on July 17, 2012. Dckt. No. 19.

      On July 5, 2012, plaintiff filed an opposition to the motion and a response to defendant's statement of undisputed facts. Dckt. No. 20. However, plaintiff's handwritten response to defendant's statement of undisputed facts is difficult for the court to discern and it does not clearly state whether each fact is disputed or undisputed, as required by Local Rule 260(b). E.D. Cal. L.R. 260(b) ("Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the

1

particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial."). Additionally, although plaintiff cites to numerous documents throughout her opposition, she has not filed a copy of those documents or cited them as exhibits, as required by Local Rule 260(b). *Id.* ("The opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers.").

Therefore, the hearing on defendant's motion for summary judgment will be continued, and plaintiff will be ordered to file a revised response to defendant's statement of undisputed facts. The revised response shall be typed or handwritten in a clear manner, shall specifically state whether each fact is disputed or undisputed, and shall include with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial. Plaintiff will also be ordered to file a revised opposition to the motion which references plaintiff's supporting evidence as numbered exhibits and to file a copy of those numbered exhibits along with the opposition. A failure to comply with this order may result in a recommendation that defendant's motion for summary judgment be granted and/or that this action be dismissed for failure to prosecute and for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

The court informs plaintiff of the following with respect to opposing a motion for summary judgment under Fed. R. Civ. P. 56: Such a motion is a request that the court grant judgment in defendant's favor without trial. A motion for summary judgment will set forth the facts that defendant asserts are not reasonably subject to dispute and that entitle them to judgment under applicable law. To oppose a motion for summary judgment, plaintiff must show proof of her claims. To do this, she may rely upon statements made in the complaint under penalty of perjury if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies the parts of the complaint upon which she relies. Plaintiff also may file one or more affidavits or declarations setting forth the facts that plaintiff believes prove her claims, as long as the person who signs it has personal knowledge of the facts stated. Plaintiff

may rely on written records, but she must prove they are what she asserts them to be. Plaintiff may rely on all or any part of responses to discovery propounded in this case, i.e, answers to interrogatories, admissions and deposition transcripts. If plaintiff fails to contradict defendant's evidence with counter-affidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion. If there is good reason why such facts are not available to plaintiff when she is required to oppose a motion for summary judgment, the court will consider a request to postpone considering the motion. If plaintiff does not file a written opposition to the motion or a request to postpone consideration of it, the court may consider the failure to act as a waiver of opposition to the defendant's motion. If the court grants defendant's motion, whether opposed or unopposed, judgment will be entered for defendant without a trial and the case will be closed.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on defendant's motion for summary judgment, Dckt. No. 18, is continued to September 5, 2012 at 10:00 a.m. in Courtroom No. 24.

2. On or before August 15, 2012, plaintiff shall file a revised response to defendant's statement of undisputed facts. The revised response shall be typed or handwritten in a clear and legible manner, shall specifically state whether each fact is disputed or undisputed, and shall include with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.

3. Also on or before August 15, 2012, plaintiff shall file a revised opposition to the motion for summary judgment. The revised opposition shall reference plaintiff's supporting evidence as numbered exhibits and shall include a copy of those numbered exhibits.

////
////
////

1        4.  Failure of plaintiff to comply with this order may be deemed a statement of
2 non-opposition to the motion, and may result in a recommendation that the motion be granted
3 and/or that this action be dismissed for failure to prosecute and for failure to comply with court
4 orders and this court's Local Rules.
5        5.  On or before August 22, 2012, defendant may file a reply to plaintiff's revised
6 opposition.
7        SO ORDERED.
8 DATED:  July 10, 2012.
             EDMUND F. BRENNAN
9            UNITED STATES MAGISTRATE JUDGE

4